## STATE v. ATKINSON.

1. PRESENCE OF ACCUSED—PRELIMINARY MOTION.—The accused has a right to be present at every stage of his trial, but a motion made, before the jury is empanelled, to quash the indictment is a preliminary inquiry before the trial is entered upon, and the absence of the accused at the hearing of such motion is not material. And where defendant, before pleading to the indictment, through his counsel, demurred thereto, and moved to quash it, he thereby elected not to be heard by himself.

2. INDICTMENT—PRINCIPAL AND ACCESSORY.—An indictment that charges A with murder and B as accessory before the fact, against the peace and dignity of the State, contains but one count, is according to approved form, and will sustain a conviction of both defendants.

3. AMENDMENTS TO UNITED STATES CONSTITUTION.—The limitations imposed by the fourth and fifth amendments to the Constitution of the United States do not affect proceedings in the State courts, and were not extended in their operation to the States by the fourteenth amendment.

4. EVIDENCE AGAINST ACCUSED.—Papers taken from the room of the defendant in his absence, without his authority, may be used in evidence against him on his trial for murder.

5. GENERAL EXCEPTIONS.—An exception alleging error "in admitting incompetent testimony," is too general to warrant consideration.

6. TRACKS—EVIDENCE WITHDRAWN.—Error cannot be imputed to the trial judge in admitting testimony of tracks, when such testimony was stricken

out and withdrawn from the jury upon it appearing that defendant was directed by the officer in charge of him to put his foot into the tracks so made, and to make other tracks.

7. CHARGE ON FACTS.—The judge did not charge upon the facts in saying to the jury: "By way of illustration, these papers that were picked up there were circumstances. They have been proved before you. It has been argued to you by counsel what they point out, and you are to say what these papers prove, and if they, taken with all the other facts in the case, satisfy you beyond a reasonable doubt, it is good testimony, and sufficient to support a verdict."

8. CHARGING JURIES.—The judge did not submit a question of law to the jury in charging: "It has, also, been suggested that I charge you that the circumstantial evidence must be consistent with the guilt of the defendants, and inconsistent with any other reasonable hypothesis. Of course, that is established law, and that is a question which a jury must determine for itself."

Before WALLACE, J., Fairfield, February, 1893.

This was an indictment against Jasper Atkinson, as principal, and John Atkinson, as accessory before the fact, for the murder of John H. Clamp. The defendants were then staying at the house of the deceased, who was shot and instantly killed at night about half a mile from his house as he was returning home. The indictment was as follows:

"STATE OF SOUTH CAROLINA, ⎰
      County of Fairfield.      ⎱

"At a Court of General Sessions begun and holden in and for the County of Fairfield, in the State of South Carolina, at Winnsboro, in the county and State aforesaid, on the third Monday of February, in the year of our Lord one thousand eight hundred and ninety-three, the jurors of and for the County of Fairfield aforesaid, in the State of South Carolina aforesaid, that is to say, upon their oaths, present, that Jasper Atkinson, on the 28th day of January, in the year of our Lord one thousand eight hundred and ninety-three, with force and arms, at Winnsboro, in the County of Fairfield and State aforesaid, in and upon one John H. Clamp, with a certain loaded shotgun, then and there feloniously, wilfully, and of his malice aforethought, did make an assault; and that the

said Jasper Atkinson him, the said John H. Clamp, with the loaded shotgun aforesaid, then and there feloniously, wilfully, and of his malice aforethought, did shoot, strike, penetrate, and wound; giving to the said John H. Clamp thereby, in and upon the right side of the head of him, the said John H. Clamp, one mortal wound; of which said mortal wound the said John H. Clamp then and there instantly died. And so the jurors aforesaid, upon their oath aforesaid, do say, that the said Jasper Atkinson, him, the said John H. Clamp, in manner and form, and by the means aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder. And the jurors aforesaid, upon their oath aforesaid, do further present, that John Atkinson, late of the county and State aforesaid, before the said felony and murder was committed, in manner and form aforesaid, to wit, on the twenty-eighth day of the same month of January aforesaid, with force and arms, at Winnsboro, in the county and State aforesaid, feloniously, wilfully, and of his malice aforethought, did incite, move, procure, and hire, counsel, and command the said Jasper Atkinson the said felony and murder, in manner and form aforesaid, to do and commit, against the form of the act of the General Assembly of the said State in such case made and provided, and against the peace and dignity of the same State aforesaid."

The defendants were found guilty, and recommended to mercy. They appealed on the following grounds: 1. Because his honor erred in sending the defendants back to the jail pending the consideration of the motion to quash the indictment, the defendants being thereby deprived of a constitutional right to be fully heard by themselves or their counsel, or by both, as they should elect. 2. Because his honor erred in refusing the defendants' motion to quash the indictment. 3. Because his honor erred in overruling the demurrer entered by the defendants to the said indictment. 4. Because his honor erred in that he should have held that the indictment as to the defendant, Jasper Atkinson, is fatally defective, in that it does not conclude, "against the peace and dignity of the State." 5. Because his honor erred in that he should have held that the

indictment as to the defendant, John Atkinson, is fatally defective, in that it does not fully, fairly, plainly, substantially, and formally describe the offence for which he was held to answer. 6. Because his honor erred in admitting in evidence at the trial of this cause papers which had been illegally and wrongfully taken from the room of the defendant, John Atkinson, without a search warrant and without authority of law. The rights of the said defendant under the Constitution of this State and under the Constitution of the United States being thereby violated. 7. Because his honor erred in admitting incompetent testimony against the defendants over the objection of the said defendants duly taken. 8. Because his honor erred in admitting testimony against the defendants which was procured by compelling the said defendants to give evidence against themselves. 9. Because his honor erred in admitting testimony that the tracks leading from the place where the body of the deceased was found to the house of the deceased, were the tracks of the defendant, Jasper Atkinson, after it had been made to appear that the said defendant was forced to place his foot in the said tracks. 10. Because his honor erred in charging the jury as follows: "By way of illustration, these papers that were picked up there were circumstances. They have been proved before you. It has been argued to you by counsel what they point out, and you are to say what these papers prove, and if they, taken with all the other facts in the case, satisfy you beyond a reasonable doubt, it is good testimony, and sufficient to support a verdict." 11. Because his honor erred in charging the jury as follows: "It has also been suggested that I charge you that the circumstantial evidence must be consistent with the guilt of the defendants, and inconsistent with any other reasonable hypothesis. Of course, that is established law, and that is a question which a jury must determine for itself." The defendants imputing error to so much of this as remits a question of law to the jury, and leaving the jury to abide by the rule or not at discretion.

*Messrs. James G. McCants* and *Ragsdale & Ragsdale*, for appellants.

*Mr. Hough*, solicitor, contra.

February 17, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The defendants were charged in the same indictment—Jasper Atkinson as principal, and John Atkinson as accessory before the fact—with the murder of one John H. Clamp, and the case came on for trial before his honor, Judge Wallace, and a jury. It is stated in the "Case" as prepared for argument here that: "The defendants, through their counsel, at the proper time, before the jury was sworn, and before pleading to the indictment, entered a demurrer thereto, and moved to quash the same upon the following grounds: *First*, that as to the defendant, Jasper Atkinson, the indictment does not conclude, 'against the peace and dignity of the State.' *Secondly*, as to the defendant, John Atkinson, that the indictment does not state facts sufficient to constitute the offence, inasmuch as it does not fully, fairly, and formally describe the offence with which he is charged." Pending the hearing and consideration of this motion, the defendants were remanded to the jail; and when the hearing and consideration of the motion was concluded, his honor directed that the prisoners be brought into court, and thereupon announced that the motion be overruled, and that the trial should proceed.

During the progress of the trial, testimony was introduced, on the part of the State, tending to show that tracks were found at the scene of the homicide, and going in the direction of the house at which the defendants were staying on the night when the deceased was shot and killed, which tracks witnesses undertook to identify as the tracks of the defendant, Jasper Atkinson, by reason of the fact that when he placed his foot in one of the tracks it fitted the same. But when it was made to appear that this defendant had been required by the officer in charge to put his foot in the tracks discovered, and to make other tracks by running, which could be compared with the others originally found, the Circuit Judge, on the motion of defendants' counsel, ordered the testimony as to the tracks obtained by compulsion to be stricken out, adding these words:

"I will say to the jury now that no defendant can be compelled
to make evidence against himself, just as he cannot be com-
pelled to testify as to his guilt. If the defendant did anything
voluntarily, that is competent." Testimony was also offered on
the part of the State tending to show that certain pieces of
paper, parts of a newspaper, which were found in the room
occupied by the defendant, John Atkinson, by some of the
witnesses, corresponded with the paper picked up at the scene
of the homicide, supposed, from the stains upon it of blood
and brains, to have been the wadding of the gun with which
the fatal shot was fired, inasmuch as the printing on these pa-
pers indicated that they were taken from the same newspaper
article. After much other testimony, which need not be ad-
verted to here, and after hearing the argument of counsel and
the charge of the judge, the case was submitted to the jury,
who found both of the defendants guilty, and the defendants
appealed, upon the several grounds set out in the record,
which need not be stated here in *totidem verbis*, but which
should be so set out in the report of this case.

The first exception raises the question whether there was
error in depriving the defendants of the alleged right to be
present at the hearing of the motion to quash the in-
dictment. The right of the accused to be present during
every stage of his trial for a capital felony has long been
settled, and is still fully recognized; but the question here is,
whether the motion to quash the indictment constitutes any
part of the trial. As it seems to us, this motion is intended to
test the question whether the defendants should be put upon
their trial; for there can be no trial, in the legal sense of the
term, until a valid indictment is presented (*State* v. *Ray*, Rice,
1), and hence the hearing of this motion cannot be regarded
as any part of the trial, but rather a preliminary inquiry as
to whether there should be a trial. Indeed, it cannot properly
be said that a trial is commenced until the jury has been sworn
and empanelled to try the issues presented by the pleadings,
and duly charged therewith. This is shown by the form of
proceeding laid down in Miller's Comp., at page 156 (a very
useful publication, said to have been prepared under the su-

pervision of one of our most distinguished judges), where the language used is : "* * * upon this indictment he hath been arraigned, and upon his arraignment he hath pleaded not guilty, and *for trial* hath put himself upon God and his country," &c. Then and from that time forward, during every stage of the trial, the accused has the right to be present, under the well-settled doctrine above stated. Of course, this does not preclude the right of the accused to be present while the jury is being empanelled ; but that does not rest upon the general doctrine, but upon the necessity of the accused being present, so as to be able to exercise his right of challenge.

But it is urged that the defendants were denied the right secured to them by section 13 of article I., to wit: "The right to be fully heard in his defence, by himself or by his counsel, or by both, as he may elect." Passing by the very obvious consideration that the accused cannot be assumed to have elected to be heard both by themselves and by their counsel upon a purely legal question, without some evidence to show that they had elected to be heard by themselves as well as by their counsel, it is sufficient to say that they have elected in this case to be heard only by their counsel, for the record so shows, as it is there stated, "that the defendants, *through their counsel,* entered a demurrer thereto, and moved to quash the same;" and it is furthermore there stated that the demurrer was interposed and the motion was made, "before the jury was sworn, and before pleading to the indictment." It seems to us clear, therefore, that the first ground of appeal cannot be sustained.

The second, third, fourth, and fifth exceptions all relate to the alleged insufficiency of the indictment, and may, therefore, be considered together. These exceptions proceed upon the unfounded assumption that there are two counts in the indictment, one charging the defendant, Jasper, as principal and the other charging John Atkinson as an accessory before the fact. We cannot take this view of the indictment, and, on the contrary, we regard it as an indictment containing but a single count, in which the principal and accessory before the fact are charged jointly in the same count. This is not only approved but recommended by standard authorities on criminal

law. See 1 Chit. Crim. Law, 272; 1 Russ. Crimes, 40; 2 Bish.
Proc., § 7, *et seq.* The form of the indictment in this case,
which should be incorporated in the report of the case, sub-
stantially conforms to the forms prescribed in 2 Chit. Crim.
Law, 5; 1 Arch. Crim. Pl. & Pr., 77; and see note at page 317
of 7th edition; also, Bish. Crim. Proc. And as is said by
Evans, J., in *State* v. *Rabon,* 4 Rich., at page 263: "There is no
doubt that the forms given in books of pleadings afford very
strong evidence of legal principles. They are such as have
been long used and approved in practice, and have stood the
test of legal criticism." We do not think there was any error
in overruling the demurrer and refusing the motion to quash
the indictment.

The sixth exception imputes error to the Circuit Judge in
admitting in evidence the pieces of paper found in the room of
defendant, John Atkinson, upon the ground that they were
taken without a search warrant and without authority of law,
and in violation of the rights of the defendant as secured to him
by the Constitution of this State and of the United States. The
provisions of the Constitution of the United States relied upon
are the 4th, 5th, and 14th amendments, and the provisions of
the Constitution of this State may be found in sections 13 and
22 of article I. In the 4th amendment of the Constitution of
the United States, it is declared that "the right of the people
to be secure in their persons, houses, papers, and effects against
unreasonable searches and seizures shall not be violated," &c.
In the 5th amendment, it is declared that no person "shall be
compelled in any criminal case to be a witness against himself,"
&c.; while in the 14th amendment the declaration is: "No State
shall make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States," &c.

In the first place, we do not understand that the limitations
imposed by the 4th and 5th amendments have any application
to the powers of the State governments, but apply only
to the powers of the Federal government. As was said
by Waite, C. J., in *Spies* v. *Illinois,* 123 U. S., at page
166: "That the first ten articles of amendment were not in-
tended to limit the powers of the State governments in respect

to their own people, but to operate on the national government alone, was decided more than a half century ago, and that decision has been steadily adhered to since"—citing numerous cases. Nor can it be said that the 14th amendment has the effect of extending the operation of the 4th and 5th amendments to the States. For, as was held in *Minor* v. *Happersett*, 21 Wall., at page 171 : "The amendment (speaking of the 14th) did not add to the privileges and immunities of a citizen. It simply furnished an additional guaranty for the protection of such as he already had." And the same doctrine was held in the *United States* v. *Cruikshank*, 92 U. S., 542. Besides, the same rights which are guaranteed by the 4th and 5th amendments to the Constitution of the United States, are expressly declared by sections 13 and 22 of article I. of the State Constitution ; for in the former section the declaration is, that no person shall "be compelled to accuse or furnish evidence against himself," while the language in section 22 is : "All persons have a right to be secure from unreasonable searches or seizures of their persons, houses, papers, or possessions."

The question now presented for our decision is *not* whether the persons who found the pieces of paper in the room of the defendant, John Atkinson, violated any of his legal rights by entering his room without authority, but whether the papers there found could be offered in evidence in this case. For while it may be possible that it was a technical trespass to enter his room without authority, yet it does not by any means follow that the pieces of paper there found could not be offered in evidence. For, as is said in 1 Greenleaf on Evidence, section 254, a : "It may be mentioned in this place, that though papers and other subjects of evidence may have been *illegally taken* from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility, if they are pertinent to the issue. The court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question." There was nothing in the evidence tending to show that the defendants, or either of them, was compelled to furnish these papers, or that they were even asked to do so.

Indeed, it seems that neither of the defendants were present, or even knew that the papers were found in the room when they were found; and there can, therefore, be no pretense that the defendants were compelled to furnish these papers as evidence against them. The case of *Boyd* v. *United States,* 116 U. S., 616, relied on by appellants, was a case in which the court was called upon to determine the validity of an order issued by the United States Circuit Court, requiring the defendant to produce before the court his books and papers, to be used in evidence against him on the trial of a criminal case, and the court held that the Circuit Court had no power to issue such an order, as it was equivalent to an order compelling the defendant to testify against himself, in violation of the provisions of the 5th amendment of the Constitution of the United States. This case, therefore, while very interesting, as furnishing an able and elaborate discussion of the right of exemption from unreasonable searches and seizures, has no application to the present inquiry. We are of opinion that the sixth exception cannot be sustained.

The seventh' exception is too general to warrant any consideration at our hands.

The eighth and ninth exceptions, complaining, as they do, of the reception of evidence obtained by compelling the defendants to testify against themselves, may be considered together. They must be regarded as only relating to the testimony as to the tracks, which were required by the officer to be made by the defendant, and putting his foot into one of the tracks. But this testimony, as we have seen, having been stricken out by the order of the Circuit Judge, together with his express direction to the jury that the testimony obtained by compulsion could not be considered by them, leaves these exceptions without any basis to rest upon, and must, therefore, be overruled. While, therefore, we do not propose to consider or decide the point, it may not be amiss to say that we find no little conflict amongst the authorities upon the subject, as may be seen by reference to the following cases: *State* v. *Garrett,* 71 N. C., 85, s. c. 17 Am. Rep., 1; *State* v. *Graham,* 74 N. C., 646, s. c. 21 Am. Rep., 493;

*Stokes* v. *State*, 5 Baxt., (Tenn.) 619, s. c. 30 Am. Rep., 72; *Walker* v. *State*, 7 Tex. Ct. App., 245, s. c. 32 Am. Rep., 595; *State* v. *Ah Chuey*, 14 Nev., 79, s. c. 33 Am. Rep., 530; *Blackwell* v. *State*, 67 Ga., 76, s. c. 44 Am. Rep., 717.

The tenth exception imputes error to the Circuit Judge, in charging upon the facts. But we think this is an entire misconception of the charge. The quotation relied upon to sustain this exception plainly means that circumstantial evidence is quite sufficient to support a verdict, if the jury believe, beyond a reasonable doubt, from such evidence, that the accused is guilty. The Circuit Judge clearly did not express or even intimate any opinion whatever as to the force and effect of the circumstantial evidence relied upon, but left that to the jury.

The eleventh exception was not urged in the argument, but as it was not abandoned, it becomes necessary for us to consider it. We are unable to perceive how it can be said, with any propriety, that any question of law was left to the jury, and hence there is no foundation for this exception.

The judgment of this court is, that the judgment of the Circuit Court be affirmed; and that the case be remanded to that court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed.