7762

STATE v. ROOKARD.

LIQUORS.—The act of 1909 (26 Stat., 60) construed to mean it would be a misdemeanor to keep in possession liquor which has been unlawfully obtained or to keep in possession for sale or some unlawful use liquor lawfully obtained, but not to forbid keeping in possession for a lawful purpose liquor lawfully obtained.

Before W. B. GRUBER, Special Judge, Spartanburg, July, 1910. Reversed.

Indictment against Elias Rookard for unlawfully keeping in possession liquors. Defendant appeals from sentence.

*Messrs. Nichols & Nichols* and *S. M. Wetmore,* for appellant.

*Solicitor J. C. Otts,* contra, cites: *Keeping liquors in possession is contrary to statute:* 39 S. C. 151; 24 S. C. 593.

January 20, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted and sentenced under the following count of an indictment charging violations of the liquor law of the State. "That on the 11th of January, in the year 1910, Elias Rookard, in the county and State aforesaid, did wilfully and unlawfully receive and accept for unlawful use, and did store and keep in his possession, certain spirituous, malt, vinous, or fermented, brewed or other liquors, to wit: alcoholic or intoxicating liquors, which contained alcohol and are used as a beverage, against the form of the statute in such cases made and provided."

The indictment was drawn under the first section of the Act of 1909 (26 Stat., 60), which provides: "That it shall be unlawful for any person, firm, corporation or association within this State to manufacture, sell, barter, exchange, receive, accept, give away to induce trade, deliver, store, keep in possession in this State, furnish at public places or otherwise dispose of any spirituous, malt, vinous, fermented, brewed or other liquors and beverages, or any compound or mixture thereof which contains alcohol and is used as a beverage, and which if drunk to excess will produce intoxication, except as hereinafter provided."

The appellant raises no question as to the constitutionality of the statute, but contends that the Circuit Judge erred in his construction of the statute when he charged the jury in effect as follows: That the statute makes the mere keeping in possession of liquor by a private individual a criminal offense; and that, therefore, the jury should convict if they found that the defendant had liquor in his possession, even if they should find that he had not unlawfully received nor accepted it and had not kept it in possession for an unlawful use.

The question therefore is whether the Circuit Judge was right in holding the Act of 1909 to prohibit and make criminal the keeping in possession of liquor in this State under all circumstances, without regard to the manner of

acquiring possession or the purpose for which the liquor is kept. It seems clear that the statute cannot be so construed. Such a construction would make the act self-destructive; for other sections of this act, as well as portions of the Dispensary statute of 1907, recognized by this statute as still in force, provide for the sale of liquor by county dispensaries; and certainly a legal sale and purchase carries the right to the purchaser to keep in his possession the liquor he has purchased, provided he does not apply it to an unlawful use. In addition to this, one may lawfully keep in his possession liquor purchased for personal use under the protection of the interstate commerce clause of the Federal Constitution. An attempt by the General Asembly to interfere with this right would be futile, and the presumption is very strong against the legislative intention to make such an attempt. Indeed the right to keep in possession liquor so purchased is expressly recognized in section 28 of the Dispensary Act of 1907, which has not been repealed. It follows that the provision of the Act of 1909, making it unlawful "to keep in possession in this State" intoxicating liquors "except as hereinafter provided," means that it should be a misdemeanor to keep in possession liquor which had been unlawfully obtained, that is, obtained in a manner not recognized as lawful by that act or the unrepealed provision of the Act of 1907, or to keep in possession for sale or some other use forbidden by the statute liquor lawfully obtained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause be remanded to that Court for a new trial.