## 9692

### STATE v. HARLEY *ET AL.*

#### (92 S. E. 1034.)

1. SEARCHES AND SEIZURES—FEDERAL CONSTITUTION.—Protection against officers not acting under claim of Federal authority is not afforded by the guaranty of immunity from unreasonable searches and seizures under the fourth and fifth amendments of the Federal Constitution.
2. CRIMINAL LAW—DISCLOSURE OF OFFENSE BY ILLEGAL SEARCH.—Where the arrest was lawful, and accused apparently voluntarily surrendered the key, paraphernalia secured from a locked room thereby was admissible in evidence on a charge of maintaining a lottery.
3. CRIMINAL LAW—ERRONEOUS REQUEST.—Requested charge that, where several counts appear, failure of proof on one or more entitles defendant to acquittal on such counts, was properly refused where information was in one count.

Before MEMMINGER, J., Charleston, July, 1916. Affirmed.

John Harley and others were convicted of maintaining a lottery, and appeal.   Appeal dismissed.

*Mr. B. H. Mathews*, for appellant, cites: *As to search:* 88 S. E. 411.   *As to charge:* 15 S. C. 544, 545; 16 S. C. 460.

*Mr. Solicitor Stoney*, for respondent, cites: *As to admissibility of articles as evidence:* 40 S. C. 363.   *Constitutional restrictions:* 123 U. S. 166; 21 Wall. 171; 92 U. S. 542; Greenleaf Ev., sec. 254a; 90 S. E. 408-411.

June 11, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendants were convicted by the recorder of the city of Charleston and a jury for maintaining a lottery.   They appealed to the Court of General Sessions, but their appeal was dismissed; whereupon they appealed to this Court.

The first exception is as follows:

"Because his Honor, the presiding Judge, should have reversed the recorder, who erred, it is submitted, in stating in the presence of the jury that decisions of the United States Supreme Court had no place in the police Court; whereas, he should have held that, in so far as the said decisions are applicable to cases arising in the said police Court, the same are binding thereon."

The recorder merely ruled in accordance with the well settled principle that protection against officers not acting under claim of Federal authority is not afforded by the guaranty of immunity from unreasonable searches and seizures under the Fourth Amendment of the Federal Constitution, but the limitations of such

FOOTNOTE.—As to the admissibility in evidence against defendant of documents or articles taken from him, see notes in L. R. A. 1916e, 715, 59 L. R. A. 466, 15 A. & E. Ann. Cas. 1205, 37 A. & E. Ann Cas. 1915c, 1182, L. R. A. 1915b, 834.

amendment reach only the Federal government and its agents. *Weeks* v. *United States,* 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, reported in L. R. A. 1915b, 834, Ann. Cas. 1915c, 1177.

The second assignment of error is thus stated:

"Because his Honor, the Circuit Judge, should have reversed the recorder, who erred, it is submitted, in allowing books and papers illegally seized to be exhibited to the jury."

The following is the language of his Honor, the Circuit Judge, in dismissing the appeal:

"This is an appeal coming up upon a return from Recorder Jervey, with grounds of appeal and original papers in lieu of a detailed statement of the testimony signed by the witness, which was waived.

"The only ground of appeal which has any substance to it is No. 2. Upon this ground the case is on first impression difficult to distinguish from *Town of Blacksburg* v. *Beam,* recently decided by our Supreme Court. The return of the recorder upon which the case is to be decided states that: 'After accused had been arrested and some evidence obtained of their having been engaged in violation of the section (ordinance against lotteries), additional evidence was procured from a locked room adjoining that in which they were arrested, to which locked room the accused had the key, and which was opened by command of officer at time of arrest and paraphernalia taken therefrom at the time.' A presumption arises from this statement that the arrest was lawful, and nothing appears to the contrary, and the statement of the recorder does not show that the defendants were searched and the key taken from any of their sacred persons as in the Beam case, and so the surrender of the key seems to have been voluntary. The case is, therefore, distinguishable from the Beam case in at least two important particulars; for here we have a lawful arrest and an apparently voluntary surrender of the veritable key to the offense."

It does not appear that the books and papers in question were illegally seized, but, even if they had been so seized, they nevertheless would have been admissible in evidence. *State* v. *Atkinson,* 40 S. C. 363, 18 S. E. 1021, 42 Am. St. Rep. 877 ; *State* v. *McIntosh,* 94 S. C. 439, 78 S. E. 327.

The case of *Blacksburg* v. *Beam,* 104 S. C. 146, 88 S. E. 441, L. R. A. 1916e, 714, did not rest so much upon the question whether there was a violation of section 16, art. I, of the Constitution, which provides that the people shall be secure from unreasonable searches or seizures, or section 17, art. I, providing that no person shall be compelled to be a witness against himself, as upon the principles announced in *State* v. *Rookhard,* 87 S. C. 442, 69 S. E. 1076, and *State* v. *Green,* 89 S. C. 132, 71 S. E. 847.

The third exception is as follows :

"Because his Honor should have reversed the recorder, who erred in refusing to charge the jury that, where several counts appear in the information, failure of proof of any one or more of said counts entitled the defendants to an acquittal on such counts, there being failure of proof to establish same."

The request was properly refused because there was only one count in the information and only one offense was charged, to wit, violating the ordinance in the doing of several things prohibited by the ordinance in the alternative the doing of any one of which was as complete a violation of the ordinance as the doing of them all.

The fourth exception is as follows :

"Because his Honor should have reversed the recorder, who erred in refusing to charge the jury that an alleged confession or admission of a codefendant could only be used against said codefendant, and could not be used against his other codefendant."

The recorder in his return says :

"The Court has a recollection of counsel for defendants arguing to the jury that one defendant's confession did not

implicate others, but no recollection of such request to charge, which was not submitted in writing."

The fifth exception is as follows:

"Because his Honor, the Circuit Judge, should have reversed the recorder, who erred, it is submitted, in allowing books and papers illegally seized to be put in evidence, thus violating articles IV and V of the Federal Constitution."

What has already been said disposes of this exception.

Appeal dismissed.