9790

STATE v. BURNS.

(93 S. E. 194.)

INTOXICATING LIQUORS — TRANSPORTATION — PERSONAL USE — STATUTE.—
Under dispensary law (Act Feb. 16, 1907 [25 St. at Large, p. 463]),
providing that no persons, except as expressly permitted in this
chapter, shall transport from place to place any liquor containing
alcohol, defendant, who purchased liquor at a dispensary, had the
right to carry it to his home in a dry county, providing it was
intended for personal use.

Before GARY, J., Greenville, ——, 1916. Reversed.

J. A. Burns was convicted of the unlawful transportation
of intoxicating liquors, and he appeals.

*Messrs. J. G. Leatherford, Landford & Richardson* and
*H. P. Burbage,* for appellant.

*Mr. Solicitor Martin,* for respondent.

August 11, 1917.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

On November 3, 1915, the appellant and two others went
from Greenville to Union in an automobile, and appellant
bought some liquor at the dispensary and carried it back to
Greenville with him. On the way back, the party was
hailed by a constable; but they refused to stop, and were
pursued by the constable into the city of Greenville. Dur-
ing the chase, appellant threw the liquor out of the automo-
bile. The three men were arrested and tried together, on
the charge of unlawfully transporting liquor. Appellant
was convicted. The others were acquitted. Appellant tes-
tified that the liquor was for his own use. At the time the
sale of liquor in Greenville county was prohibited by law,
but it was lawful to import it for personal use.

If appellant had the liquor for any unlawful purpose, he was guilty as charged, and was properly convicted. But the Court instructed the jury that, even if he had it for his own use, he violated the law in transporting it into Greenville county. Literally construed, the statute says just what the trial Judge charged. But, interpreting the same statute, in *State* v. *Rookard,* 87 S. C. 442, 69 S. E. 1076, the Court held that, even though a literal interpretation of the language of the statute made it unlawful for any one to have liquor in his possession, without regard to the purpose, yet the legislature could not in reason have intended that it would be unlawful for one to keep in his possession for a lawful purpose liquor that he had lawfully obtained; that, in selling him the liquor, the State, by necessary implication, gave him the right to keep it in his possession, provided, of course, it was kept and used for lawful purposes— personal use being recognized by the State as lawful. That principle has been recognized and applied in several recent cases, in which it was held that one who purchased liquor at a dispensary had the right to carry it to his home in a dry county, provided, of course, it was intended for personal use.

The other question made cannot arise on the new trial, and need not be considered.

New trial granted.