## 10926

### STATE v. McDUFFIE

### (113 S. E., 121)

1. INTOXICATING LIQUORS—STATE STATUTES NOT RENDERED INVALID BY EIGHTEENTH AMENDMENT AND VOLSTEAD ACT.—State statutes forbidding manufacturing and traffic in alcoholic liquors were not rendered void by the Eighteenth Amendment and the Volstead Act, passed in pursuance thereof.

2. CRIMINAL LAW—EVIDENCE OF FINDING A STILL AND WHISKEY WITHOUT SEARCH WARRANT ADMISSIBLE.—In a prosecution for manufacturing alcoholic liquor, where search was made on the premises of the defendant without a warrant, and equipment for manufacture of liquor and liquor were found and seized on the premises of another near by, evidence of finding such articles was admissible, and would have been admissible even if found on the premises of defendant, in view of the fact that no proceedings were instituted by defendant to recover the articles seized.

3. CRIMINAL LAW—ADMISSION OF HEARSAY EVIDENCE AS TO MATTER OTHERWISE PROVED HELD NOT PREJUDICIAL ERROR.—In a prosecution for manufacturing alcoholic liquors, where the Sheriff who arrested defendant testified that defendant had bought a can, and admitted that the can was his, the admission of testimony by the Sheriff that another man said that he had sold the can to defendant was, if error because of being hearsay, not prejudicial.

Before GARY, J., Edgefield. March, 1921. Affirmed.

Tom McDuffie convicted of manufacturing alcoholic liquors and appeals.

*Messrs. Simkins & Smith,* for appellant, cite: *Testimony obtained in illegal search is inadmissible*: 251 U. S. 385; 232 U. S. 383; 189 Ky. 152; U. S. Adv. Opo. 1920-21, No. 10; 116 U. S., 616; 111 S. C. 174; 104 S. C. 146. *State authority superseded by Federal*: 173 U. S. 297; 222 U. S. 436; 222 U. S. 270; 7 How. 396; 36 Cyc. 1078; 143 U. S. 18.

*Mr. T. C. Callison, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted, tried and convicted in the Court of General Sessions for the County of Edgefield, in the State aforesaid, for manufacturing alcoholic liquors in violation of the laws of South Carolina, and was sentenced by the Court to the penitentiary or the county chain gang, for a period of one year. From the said sentence he appealed to this Court.

The first exception is as follows:

"First. (a) Because his Honor erred in overruling defendant's demurrer to the indictment, made at the call of the case for trial, charging the defendant with manufacturing alcoholic liquors in violation of statute law of the State, the indictment being had and without legal force, because there is no valid statute in South Carolina regulating the sale, possession and manufacturing of alcoholic liquors. When Congress passed the Volstead Act (41 Stat. 305) which became effective January 20, 1920, contemporaneously with the Eighteenth Amendment to the United States Constitution, such act and amendment superseded all State Acts upon the subject of manufacturing alcoholic liquors, and the State Act became void, and, there being no State Act regulating the matter, the Court was without jurisdiction in the case, i. e., to enforce a Federal Statute, and the Trial Court erred in not so holding.

"(b) The Eighteenth Amendment gives to the Congress and the several States concurrent power to enforce this amendment by appropriate legislation. South Carolina, through its Legislature, has failed to pass any legislation to carry into effect such amendment which went into effect January 16, 1920. The defendant was put on trial March 7, 1921, at which time the United States Constitutional Amendment and the Volstead Act had superseded and made ineffectual the State law, and the trial Court erred in not so holding, and not quashing the indictment.

"(c) The State law, if any, conflicts with the Volstead Act, and the law of the State must yield to Act of Congress

passed in pursuance of the powers conferred upon it by the Federal Constitution."

In the case of *State v. Hartley,* 115 S. C. 524, 106 S. E. 766, the Court uses this language:

"There is nothing in the amendment indicating an intention to repeal or supersede the legislation of the several States, whenever the enforcement of such legislation would aid in carrying into effect the provisions of the amendment. Let us suppose that when the amendment went into effect there was a statute of this State providing that the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from this State for beverage purposes, was prohibited, and that any person violating the provisions thereof would be punished as therein provided. The State would unquestionably have the power at this time under the amendment to enact such a statute. Why? Because its enforcement would aid in carrying into effect the provisions of the amendment. The fact that such an act may have been passed before the amendment went into effect would not be a reasonable ground for holding that it was repugnant to the amendment."

Other cases on page 529 of that volume (115 S. C., 767), are to the same effect. Other cases are conclusive of the questions raised by the said exception, and show that it cannot be sustained.

The second exception is as follows:

2    "Second. The presiding Judge erred in admitting over objection of defendant's counsel the testimony of W. R. Swearingen, W. L. Clark, and B. T. Bussey, witnesses for the State, to the effect that they went to the defendant's place, and about 250 yards from his (defendant's) house made a search and found a lard can and pipe running through the water; also the can had fire under it; and we found several bottles with some whiskey, where whiskey had been poured out. The can, pipe, bottles, in

fact the whole 'outfit' found by the witnesses, being introduced in evidence and exhibited to the jury, over the objection of defendant's counsel, on the ground that neither the sheriff nor any of the witnesses had a search warrant, and in making said search, they acted without legal authority, and such testimony and the introduction in evidence of the said articles, was inadmissible and prejudicial to the rights of defendant."

The following statement by the defendant appears in the record:

"The day the search was made, I was not at home and gave no one permission to search my place. I had nothing to do with any whiskey down there."

On cross-examination he further testified:

"The woods where the still was found is more than 250 or 300 yards up on the hill from my house. I know where the path is on which the still was found; it goes on through the woods on the other man's place. It is a big patch of woods. I have a field between my house and the woods, and a path leads across the field from my house, and across the road at the edge of the woods, and into the woods where they say the still was found."

There are two reasons why this exception cannot be sustained: In the first place, although the search was made on the premises of the defendant, the seizure of the "outfit" for manufacturing alcoholic liquors was made on the lands of another person. In the second place, no proceedings were instituted by the defendant, to recover possession of the said articles; therefore testimony as to the seizure of the "outfit" was admissible, even if it be conceded that it was found upon the premises of the defendant.

The rule is thus stated in 1 Greenleaf on Evidence, § 254:

"It may be mentioned in this place that, though papers and other subjects of evidence may have been illegally taken from the possession of the party, against whom they

are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility if they are pertinent to the issue. The Court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question."

This rule is quoted with approval in *State v. Atkinson,* 40 S. C. 363, 18 S. E. 1021, 42 Am. St. Rep. 877; *State v. McIntosh,* 94 S. C. 439, 78 S. E. 327; and the same principles are announced in *State v. Harley,* 107 S. C. 304, 92 S. E. 1034, *State v. Reeves,* 112 S. C. 383, 99 S. E. 841, and *Weeks v. United States,* 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

The third exception is as follows:

3    "Third. The presiding Judge erred in allowing the witness, W. R. Swearingen, to testify: 'After I arrested him I had this can and found out where he bought the can, and asked the man about it, and he said he sold it. to Tom'—the same being hearsay and therefore inadmissible and prejudicial to the defendant."

As the sheriff testified that the defendant said he bought the can, and admitted it was his can, even if there was error, it was not prejudicial.

Affirmed.

MR. JUSTICES FRASER, COTHRAN and MARION concur.