**James MACKEY, Plaintiff,**

v.

**R. V. CHANDLER, Jr., The Glens Falls Indemnity Co., a Corporation, Defendants.**

**Civ. A. 1716.**

United States District Court
W. D. South Carolina,
Greenville Division.
June 19, 1957.

**580**

Donald James Sampson, Willie T. Smith, Jr., Greenville, S. C., for plaintiff.

Haynesworth, Perry, Bryant, Marion & Johnston, Thomas A. Wofford, Greenville, S. C., for defendants.

WILLIAMS, District Judge.

This action was tried before me and a jury at the November, 1955 term of court, and resulted in a verdict for the plaintiff of $100 punitive damages. The defendant Chandler has made a motion for judgment non obstante veredicto on three grounds:

"1. That the plaintiff failed to show any damages;

"2. That under a civil rights suit, under section 1983 of the U.S.C.A., Title 42, the plaintiff must show that he has been deprived of some constitutional right and also that the deprivation was under a color of a State Statute, ordinance or law, it being submitted that the plaintiff failed to show that there was any act done under color of a State Law; therefore, there could be no action under the civil rights statute; and

"3. That the only reasonable inference to draw from the testimony is that the deputy sheriffs, acting on behalf of the defendant, R. V. Chandler, Jr., entered the plaintiff's house as it [they] had a legal right to do, and that there was no illegal search."

The complaint alleged that an illegal search of plaintiff's house was made by the deputies of the defendant, Sheriff Chandler, in the nighttime; that there was no probable cause and no search warrant was obtained; and that this denied him due process of law and privileges and immunities guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States.

The suit was brought under Section 1983, Title 42 U.S.C.A., which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

It was proven at the trial that four deputy sheriffs of the County of Greenville went to the home of plaintiff in the nighttime in search of someone whom they suspected to be at the home of the plaintiff. It is admitted that they had no warrant of arrest for anyone and had no warrant authorizing a search of the plaintiff's home. The plaintiff was away from his home and his family consisted of his wife and five children who had retired for the night. All the lights in the house were out. The deputies broke into the house and made a search thereof, and displayed a show and force of authority. Flashlights were cast upon members of the plaintiff's family before and after they were awakened, but plaintiff's family was not subjected to physical abuse at the hands of the deputies.

There is no merit in the first and third grounds of plaintiff's motion. The main question involved is as follows:

Do the facts in this case constitute a cause of action under the provisions of Section 1983 of Title 42 U.S.C.A., a Civil Rights Act?

 The plaintiff brought his action on the theory that he had been deprived of his civil rights by the defendants as agents of the State acting under color of law in making an unreasonable search of his home without a warrant. An unreasonable search by an agent or official of a State does not violate any protection, privilege, or immunity secured by the United States Constitution. The prohibition of the Fourth Amendment of the United States Constitution against unreasonable searches applies only to Federal agents and officials and not to State agents and officials. While the Fourteenth Amendment places a limitation on the action of a state in regard to United States citizens, it has not been construed to operate so as to make the prohibition of the Fourth Amendment as regards unreasonable searches apply to the states or to agents or officials of the state. The decided cases on this point affirm this proposition. An unreasonable search by a state agent or official is not such a violation of the due process clause of the Fourteenth Amendment as will invoke operation of that Amendment. The Fourteenth Amendment was adopted to secure the right of due process, and other rights, to all United States citizens against state action, but the Supreme Court has recognized that there must be a carefully reasoned limitation on how far the courts and the Federal Government can and should go in reviewing and regulating the actions of the States and their officials. Mr. Justice Frankfurter, in Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 1361, 93 L.Ed. 1782, stated that: " * * * we have no hesitation in saying that were a State affirmatively to sanction such police incursion into privacy it would run counter to the guaranty of the Fourteenth Amendment."

I have been unable to find any cases involving a fact situation analogous to the one in this case that held that the making of an unreasonable search by a state official or law enforcement officer constituted *in itself* a denial of the due process clause of the Fourteenth Amendment.

 Under the facts in this case and all the decided cases on this point, I can reach no other conclusion than that the plaintiff has failed to allege and prove a cause of action for violation of civil rights because the plaintiff has not been deprived of any of the rights, privileges, or immunities that are secured to him under the United States Constitution or Federal Statutes.

"The Fourth Amendment is a limitation of the power of the Federal Government only; it is not a limitation on the power of states or state agencies, of municipalities, or of individuals. Since

the guaranty of this Amendment acts only on the Federal Government and its agents, it can afford no protection against the acts of state officials or of officers not acting under any claim of Federal authority." 47 Am.Jur. 506 which cited cases which support the statement.

The exemption from unreasonable searches and seizures is not one of the privileges and immunities of the citizens of the United States which the Fourteenth Amendment forbids the states to abridge, nor is it an element of due process of law guaranteed by the latter Amendment against state action.

In a South Carolina case, State v. Atkinson, 40 S.C. 363, 18 S.E. 1021, 1024, 42 Am.St.Rep. 877, the court declared:

"Nor can it be said that the fourteenth amendment has the effect of extending the operation of the fourth and fifth amendments to the states; for, as was held in Minor v. Happersett, 21 Wall. [162] at page 171 [22 L.Ed. 627]: 'The amendment (speaking of the fourteenth) did not add to the privileges and immunities of a citizen. It simply furnished an additional guaranty for the protection of such as he already had.'"

In another South Carolina case, State v. Harley, 107 S.C. 304, 92 S.E. 1034, 1035, Justice Gary stated that:

"The recorder merely ruled in accordance with the well-settled principle that protection against officers not acting under claim of federal authority is not afforded by the guaranty of immunity from unreasonable searches and seizures under the Fourth Amendment of the federal Constitution, but the limitations of such amendment reach only the federal government and its agents. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, reported in L.R.A.1915B, 834, Ann. Cas.1915C, 1177."

The Supreme Court in Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97, made a thorough summation and analysis of the cases that affirm and reaffirm the rule of law and construction that are the basis of defendants' motion for a judgment notwithstanding the verdict. The Court at page 99 of 211 U.S., at page 19 of 29 S.Ct., in discussing Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597, said:

"* * * 14th Amendment did not forbid the states to abridge the personal rights enumerated in the first eight Amendments, because those rights were not within the meaning of the clause 'privileges and immunities of citizens of the United States.'"

The Court in this case also held that the action of a state infringing the right safeguarded by the Fifth Amendment relating to self-incrimination was not prohibited by the Fourteenth Amendment as being a denial of due process.

The Supreme Court of the United States has had many opportunities to reconsider its position on the questions presented in this order. To date, it has not seen fit to modify or alter the construction it has reaffirmed time after time. In a very recent case, Jennings v. Nester, 7 Cir., 217 F.2d 153, 154, certiorari denied 349 U.S. 958, 75 S.Ct. 888, 99 L.Ed. 1281, involving a fact situation that included an allegation of unlawful search—along with other illegal acts, the plaintiff sued, among others, three police officers under Sections 1983 and 1985 of the Civil Rights Act, 42 U.S.C.A., alleging conspiracies to commit and the actual commission of four acts depriving plaintiff of his Constitutional rights. The Court said:

"The acts alleged were unlawful search of plaintiff's person, the seizure of certain of his personal property, the introduction into evidence of the unlawfully seized property, and the deliberate use of perjured testimony in his trial. * * *

"The complaint clearly does not state a cause of action for a denial of equal protection. Although it alleges improper acts on the part of

the defendants, there is nothing to indicate that every citizen of Illinois is not potentially subject to the same treatment. See Mitchell v. Greenough, supra [9 Cir., 100 F.2d 184]. If the complaint states a cause of action it is for deprivation of due process, therefore, the plaintiff's charges of conspiracy are without effect, since, as already pointed out, conspiracy to deny due process does not give a cause of action under the Civil Rights Act.

\* \* \* \* \* \*

"The Civil Rights Acts were enacted to protect the civil rights of individuals, and not to discipline local law enforcement officers for acts that are later corrected. Screws v. United States, 325 U.S. 91, 98, 65 S.Ct. 1031, 89 L.Ed. 1495; Lyons v. Weltmer, 4 Cir., 174 F.2d 473. The common law provides adequate actions for damages against errant law enforcement officials. See Wolf v. People of State of Colorado, 338 U.S. 25, 30, note 1, 69 S.Ct. 1359, 93 L.Ed. 1782. In determining whether or not plaintiff's constitutional rights have been deprived, we must look at everything that transpired. It is obvious from the complaint that as he stands today, the plaintiff has been accorded due process as required by the Fourteenth Amendment."

Civil Rights Statutes require that before anyone can bring an action thereunder certain specific rights or immunities secured to him by the Constitution or Federal laws must have been violated. In this case there was nothing more than an unreasonable search. The only prohibition in the United States Constitution against unreasonable searches applies to federal agents and officials. In this case there were no federal law enforcement officers involved. No case has been found with the facts similar to the facts in this case where the court held that an unreasonable search in itself is a violation of the

Fourteenth Amendment, or by its operation, any other Amendment.

It follows that the motion by defendant for judgment non obstante veredicto should be and the same is hereby granted.