# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

James Robert Malloy, Plaintiff,

v.

Swain N. Thompson, Jr., Defendant.

In the Matter of: Estate of Robert L. Chamblee.


James Robert Malloy, Respondent,

v.

Swain N. Thompson, Jr., Merrill Lynch, Pierce, Fenner & Smith, Inc., Joseph T. Argo, and Greene and Company, L.L.P., Defendants,

Of whom Merrill Lynch, Pierce, Fenner & Smith, Inc. is the Appellant,

In the Matter of: Estate of Robert L. Chamblee.

Appellate Case No. 2012-213385

———————

Appeal from Anderson County
Alexander S. Macaulay, Circuit Court Judge

———————

Opinion No. 27438
Heard April 16, 2014 – Filed August 20, 2014

———————

**AFFIRMED**

———————

Christopher A. Ogiba and E. Brandon Gaskins, both of
Moore & Van Allen, PLLC, of Charleston; Tara A.
LaClair, Rodney J. Heggy, and Mary H. Tolbert, all of
Crow & Dunleavy, PC, of Oklahoma City, OK, for
Appellants.

James R. Gilreath and William Mitchell Hogan, both of
Gilreath Law Firm, PA, of Greenville, and S. Alan
Medlin, of Columbia, for Respondents.

---

**JUSTICE PLEICONES:** We affirm the circuit court's denial of Appellant Merrill Lynch's motion to dismiss and compel arbitration. Because we find Respondent Robert Malloy's claim is not based on a duty derived from the agreements containing arbitration clauses as asserted by Merrill Lynch, we agree with the circuit court that as a non-signatory Malloy cannot be compelled to arbitrate under these agreements.

## FACTS

This action arises out of a dispute between Malloy and Swain R. Thompson, regarding assets of Robert L. Chamblee (Decedent). The complaint alleges that Thompson, with the assistance of Merrill Lynch,[1] acted to disrupt Decedent's estate plan and divert Decedent's assets from Malloy to Thompson.

Malloy denominates his claims against Merrill Lynch as: (a) intentional interference with inheritance;[2] (b) aiding and abetting intentional interference with inheritance; (c) and civil conspiracy.

Merrill Lynch moved to dismiss and compel arbitration arguing that its only connection to this dispute is through its contractual duties under the client

---

[1] The complaint also alleges that the other named defendants, Greene and Company, L.L.P. and Joseph T. Argo, assisted in diverting these assets.

[2] The parties give this claim different titles including: tortious interference with inheritance, tortious interference with an expectancy of inheritance, intentional interference with inheritance, and intentional interference with an expectancy of inheritance. The correct name is intentional interference with inheritance. *See Douglass v. Boyce*, 344 S.C. 5, 542 S.E.2d 715 (2001) (discussing "intentional interference with inheritance").

relationship agreements (CRAs) entered into between Decedent and Merrill Lynch, which contained mandatory arbitration clauses. Merrill Lynch argued that although Malloy was a non-signatory to the agreements, any duty, if any, owed by Merrill Lynch to Malloy derives from the CRAs, and therefore, he is bound by the arbitration clauses.

The circuit court denied the motion and found that while non-signatories may be bound to an arbitration agreement under common law principles of contract and agency law, none of those principles apply in this case, and therefore, there was no basis to compel Malloy to arbitrate. Merrill Lynch appealed.

## ISSUES

1.   Whether Malloy has sufficiently pled a valid claim against Merrill Lynch since South Carolina has not adopted the tort of intentional interference with inheritance?

2.   If South Carolina does recognize the tort, are Malloy's claims subject to arbitration?

## DISCUSSION

### 1.  Did Malloy's complaint sufficiently allege a valid cause of action?

Merrill Lynch contends for the first time on appeal that the circuit court should have dismissed Malloy's claim for failure to state a claim upon which relief can be granted because the tort it alleges, intentional interference with inheritance, is not recognized by South Carolina. Additionally, Merrill Lynch argues that even if South Carolina were to recognize the tort, Malloy's complaint fails to allege facts necessary to sustain such an action. We decline to address these contentions because this issue was neither argued nor ruled upon in the proceedings below.

At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge. *Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge. *Id.* at 76, 497 S.E.2d at 733. "It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Id.*

The issue whether South Carolina recognizes intentional interference with inheritance was neither raised nor ruled upon below, nor was there any discussion or ruling as to the sufficiency of Malloy's complaint. While our rules allow us to affirm the trial court's ruling on any ground appearing in the record, Rule 220 SCACR, Merrill Lynch asks us to reverse on such a ground. We decline to do so, and this opinion must not be understood as either adopting or rejecting the tort of intentional interference with inheritance.

## 2. Should Malloy's claims against Merrill Lynch be subject to arbitration?

Merrill Lynch contends that Malloy is bound by the arbitration agreement contained in two CRAs that Decedent executed with Merrill Lynch. Merrill Lynch avers that at all times germane to this asserted claim, its relationship with Decedent was pursuant to the CRAs. Merrill Lynch contends that any duty owed to Malloy was derivative of its duty to Decedent under the CRAs, and therefore, the circuit court erred in not compelling arbitration. We disagree.

The circuit court ruled that as a non-signatory to the CRAs Malloy could be bound by an arbitration agreement under common law principles of contract and/or agency law, but none of those principles apply in this case, and therefore, there was no basis to compel Malloy to arbitrate. We agree.

The court of appeals has recognized that five theories "'aris[ing] out of common law principles of contract and agency law' could provide a basis 'for binding nonsignatories to arbitration agreements: 1) incorporation by references; 2) assumption; 3) agency; 4) veil piercing/alter ego; and 5) estoppel.'" *Pearson v. Hilton Head Hosp.,* 400 S.C. 281, 288, 733 S.E.2d 597, 601 (Ct. App. 2012) (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH,* 206 F.3d 411, 416 (4th Cir. 2000)). In addition to these theories, some federal courts have recognized that a third-party beneficiary of a contract containing an arbitration clause may be compelled to arbitrate as a non-signatory. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan,* 345 F.3d 347 (5th Cir. 2003).

Merrill Lynch does not argue that any contract, agency, or third-party beneficiary theory supports a finding that Malloy is obligated to arbitrate pursuant to the CRAs.[3] Instead, it presents its general argument that arbitration should be

---

[3] Regardless, we agree with the circuit court that in this case none of these theories could bind Malloy to the arbitration agreement CRAs.

compelled because any duty violated by Merrill Lynch is derivative of its duties to Decedent under the CRAs.

Merrill Lynch's argument that a derivative "duty" from the CRAs binds Malloy, a non-signatory to the CRAs, conflates the duties created by the CRA contracts and general tort duties. Malloy does not claim that Merrill Lynch breached a duty created by the CRAs, but rather that it breached the duty owed by all persons not to intentionally interfere with another's expected inheritance. The contractual duties between Decedent and Merrill Lynch are irrelevant to whether Merrill Lynch intentionally interfered with Malloy's expected inheritance. Accordingly, we find that Malloy is not bound by the CRA's arbitration agreements and affirm the circuit court's denial of Merrill Lynch's motion to dismiss and compel arbitration.

**AFFIRMED.**

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**