764 S.E.2d 247

**The STATE of South Carolina ex rel Alan WILSON, Attorney General, Petitioner,**

v.

**Irvin G. CONDON, in his capacity as Judge of Probate Charleston County, Respondent.**

Appellate Case No. 2014–002121.

Supreme Court of South Carolina.

Oct. 9, 2014.

### ORDER

The Attorney General petitions this Court, in its original jurisdiction, to enjoin respondent from issuing any licenses for same-sex marriages pending a decision by United States District Court Judge J. Michelle Childs in *Bradacs v. Haley*, 3:13–CV–02351–JMC. Respondent has filed a return requesting the Court deny the petition for original jurisdiction, but requests that if the Court grants the petition, respondent be

given guidance on how to proceed. Colleen Therese Condon and Anne Nichols Bleckley move to intervene in the action and request an opportunity to reply to the Attorney General's petition.

In *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir.2014), the Fourth Circuit Court of Appeals held that the statutory scheme in Virginia banning same-sex marriage violates the United States Constitution. The Fourth Circuit acknowledged in its opinion that three other states in the Fourth Circuit have similar bans, including South Carolina. *See* S.C. Const. art. XVII, § 15; S.C.Code Ann. §§ 20-1-10 through – 15 (2014). The United States Supreme Court denied the petition for a writ of certiorari in that case on October 6, 2014. *McQuigg v. Bostic*, 14-251, 2014 WL 4354536 (U.S. Oct. 6, 2014). Based on that ruling, respondent accepted a marriage application from a same-sex couple and indicated he would issue a marriage license to the couple after the expiration of the twenty-four hour waiting period. *See* S.C.Code Ann. § 20-1-220 (2014).

The Attorney General argues the Fourth Circuit's decision in *Bostic* is not binding on this Court; therefore, the constitutionality of South Carolina's law on same sex marriage "remains a live issue." Indeed, the Attorney General argues *Baker v. Nelson*, 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65 (1972), which the United States Supreme Court dismissed for want of a substantial federal question,[1] continues to be binding on the courts of this state absent a ruling to the contrary by a Federal District Court in South Carolina or by this Court.

Currently, the issue of whether Article XVII, Section 15 of the South Carolina Constitution, which provides, in relevant part, that a marriage between one man and one woman is the only lawful domestic union that shall be valid or recognized in the State of South Carolina, and Sections 20-1-10 through – 15, violate the United States Constitution is actively under consideration by Judge Childs in the *Bradacs* case. We agree with the Attorney General that this issue is more appropriate-

---

1. The Supreme Court of Minnesota held in *Baker* that a Minnesota statute prohibiting the marriage of persons of the same sex does not offend the First, Eighth, Ninth or Fourteenth Amendments to the United States Constitution. *Baker v. Nelson*, 291 Minn. 310, 191 N.W.2d 185 (1971).

ly resolved in the pending litigation in the Federal District Court. Avoiding concurrent litigation in both the courts of this state and the Federal District Court will foster wise judicial administration and conserve judicial resources. *Cf. Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (discussing discretionary abstention when concurrent proceedings are pending in the state and federal courts or in multiple federal courts). Further, although the parties in this matter and the federal case are not identical, the principle underlying Rule 12(b)(8) of the South Carolina Rules of Civil Procedure that duplicative litigation should be avoided applies to this case.

Accordingly, we accept this case in our original jurisdiction for the limited purpose of maintaining the status quo until the Federal District Court can resolve the case pending before it. We also grant the motion to intervene, but take no further action on the motion with the exception that movants' request to dismiss the Attorney General's petition *sua sponte* is denied. Respondent and all other probate judges are hereby directed not to issue marriage licenses to same-sex couples pending a decision by the Federal District Court in *Bradacs.* Further, unless otherwise ordered by this Court, the issue of the constitutionality of the foregoing state law provisions shall not be considered by any court in the South Carolina Unified Judicial System while that issue remains pending before the Federal District Court.

/s/JEAN H. TOAL, C.J.

/s/DONALD W. BEATTY, J.

/s/KAYE G. HEARN, J.
    FOR THE COURT

We concur with the order of the majority directing respondent and all other probate judges not to issue marriage licenses to same-sex couples, but would continue this Court's order in effect pending final judgment in the *Bradacs* federal court litigation.

/s/COSTA M. PLEICONES, J.

/s/JOHN W. KITTREDGE, J.
    FOR THE COURT