**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Investment Associates, Appellant,

v.

Joseph D. Lancia, Respondent.

Appellate Case No. 2014-001917

———————————

Appeal from Greenville County
D. Garrison Hill, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-078
Submitted February 1, 2016 – Filed February 24, 2016

———————————

**AFFIRMED**

———————————

James G. Carpenter and Jennifer J. Miller, Carpenter Law Firm, PC, both of Greenville, for Appellant.

W. Francis Marion, Jr. and Denny Parker Major, Haynsworth Sinkler Boyd, PA, both of Greenville, for Respondent.

———————————

**PER CURIAM:** Investment Associates seeks to enforce a judgment against Joseph D. Lancia it obtained in Connecticut. It appeals the circuit court's order that it cannot enforce the judgment in South Carolina, arguing the court erred because (1) the statute of limitations in South Carolina Code section 15-3-600 (2005)

begins to run when a judgment is enrolled in South Carolina under the Uniform Enforcement of Foreign Procedures Act, S.C. Code Ann. § 15-35-900 to -960 (2005), (2) Connecticut courts have validated Investment Associates' judgment against Lancia, and (3) the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV § 1, requires South Carolina to enforce a valid Connecticut judgment.  We affirm and find (1) whether the statute of limitations in section 15-3-600 begins to run when a judgment is enrolled in South Carolina is not preserved for appellate review and (2) the Full Faith and Credit Clause does not require South Carolina to enforce the Connecticut judgment.

1. Whether the statute of limitations in section 15-3-600 begins to run when a judgment is enrolled in South Carolina is not preserved for appellate review.  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial judge.  The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge." (citation omitted)).

2. The Full Faith and Credit Clause does not require South Carolina to enforce the Connecticut judgment.  *See* U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.  And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."); *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 235, 118 S.Ct. 657, 665, 139 L.E.2d 580, 593 (1998) ("Full faith and credit . . . does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments."); Restatement (Second) of Conflict of Laws § 118 (Am. Law Inst. 1971) ("A valid judgment rendered in a State of the United States may be denied enforcement in a sister State if suit on the judgment is barred by the sister State's statute of limitations applicable to judgments.").

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.