**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenda R. Couram, Appellant,

v.

Mr. & Mrs. Christopher Hooker; Mr. & Mrs. Carl Reibold; All persons claiming any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to the Plaintiffs; Cox & Dinkins, Inc.; Fair Builders/Developers, Inc.; Donald "Don" Rawls and Steve Fair in their official and individual capacities; Carolina Water Svc. (CWS); Carolina Trace Utilities, Inc.; and Utilities, Inc., Corporate Offices, Defendants,

Of whom Mr. & Mrs. Christopher Hooker, Mr. & Mrs. Carl Reibold, Cox & Dinkins, Inc., Fair Builders/Developers, Inc., and Donald "Don" Rawls and Steve Fair, in their official and individual capacities, are the Respondents.

Appellate Case No. 2013-002056

Appeal From Lexington County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2016-UP-137
Submitted November 1, 2015 – Filed March 23, 2016

**AFFIRMED**

Glenda R. Couram, of Lexington, pro se.

R. Davis Howser, of Howser Newman & Besley, LLC, of
Columbia, for Respondents Cox & Dinkins, Inc. and
Donald "Don" Rawls.

L.A. "Smokey" Brown, Jr., of Law Office of Smokey
Brown, PC, of Irmo, for Respondents Mr. & Mrs.
Christopher Hooker and Mr. & Mrs. Carl Reibold.

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. We find the trial court did not err in granting the Hookers and the Reibolds a declaratory judgment concerning the location of the property line. *See Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy."); *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Declaratory judgment actions are neither legal nor equitable and, therefore, the standard of review depends on the nature of the underlying issues."); *Bodiford v. Spanish Oak Farms, Inc.*, 317 S.C. 539, 544, 455 S.E.2d 194, 197 (Ct. App. 1995) ("A boundary dispute is an action at law, and the location of a disputed boundary line is a question of fact." (citation omitted)); *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law.[2] The [appellate court] will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings.").

2. We decline to address Glenda R. Couram's argument that she was prejudiced as to her trespass claim against Christopher Hooker and Carl Reibold by the trial court directing verdicts as to her other causes of action because this argument is manifestly without merit. *See* Rule 220(b)(2), SCACR ("The Court of Appeals

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Although this case was tried with a jury, the declaratory judgment issue was ruled on by the trial court; it was not submitted to the jury.

need not address a point which is manifestly without merit."). We find Couram's argument concerning whether the trial court erred in directing verdicts in favor of Cox & Dinkins, Inc. and Donald "Don" Rawls as to her trespass cause of action is unpreserved. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Abba Equip., Inc. v. Thomason*, 335 S.C. 477, 486, 517 S.E.2d 235, 240 (Ct. App. 1999) ("The same ground argued on appeal must have been argued to the trial [court]."). We find the trial court did not err in finding Couram's trespass claim against Steve Fair was barred by the statute of limitations. *See* S.C. Code Ann. § 15-3-530(3) (2005) (establishing a three-year statute of limitations for trespass actions).

3. We find Couram's argument concerning the trial court's directed verdict in favor of Cox & Dinkins, Rawls, and Fair as to her civil conspiracy cause of action is unpreserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) ("The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the [trial court]."); *Abba Equip., Inc.*, 335 S.C. at 486, 517 S.E.2d at 240 ("The same ground argued on appeal must have been argued to the trial [court]."). We find the trial court did not err in directing verdicts in favor of Christopher Hooker and Carl Reibold as to Couram's civil conspiracy claim. *See Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010) ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("The trial court must deny a directed verdict motion when the evidence yields more than one inference or its inference is in doubt."); *id.* at 188-89, 691 S.E.2d at 173 ("When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Graves v. Horry-Georgetown Tech. Coll.*, 391 S.C. 1, 7, 704 S.E.2d 350, 354 (Ct. App. 2010) ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict."); *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009) ("The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage.").

4. We find the trial court did not err in directing verdicts in favor of all respondents as to Couram's slander of title claim. *See Burnett*, 387 S.C. at 188, 691 S.E.2d at 173 ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("The trial court must deny a directed verdict motion when the evidence yields more than one inference or its inference is in doubt."); *id.* at 188-89, 691 S.E.2d at 173 ("When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Graves*, 391 S.C. at 7, 704 S.E.2d at 354 ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict."); *Huff v. Jennings*, 319 S.C. 142, 149, 459 S.E.2d 886, 891 (Ct. App. 1995) ("[T]o maintain a claim for slander of title, the plaintiff must establish (1) the publication (2) with malice (3) of a false statement (4) that is derogatory to plaintiff's title and (5) causes special damages (6) as a result of diminished value of the property in the eyes of third parties.").

5. As to the issue of whether the trial court erred in denying Couram the opportunity to prove damages, we find Couram's arguments regarding Rules 701 and 702, SCRE, are unpreserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Abba Equip., Inc.*, 335 S.C. at 486, 517 S.E.2d at 240 ("The same ground argued on appeal must have been argued to the trial [court]."). To the extent this issue is meant to relate to the trial court denying Couram the opportunity to prove her damages in some other way, we find the issue is manifestly without merit. *See* Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit.").

6. We find Couram abandoned the issue of whether the trial court erred in not allowing her to recall witnesses. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

7. We find the trial court did not err in directing verdicts in favor of all respondents as to Couram's nuisance claim. *See Burnett*, 387 S.C. at 188, 691 S.E.2d at 173 ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("The trial court must deny a directed verdict motion when the evidence yields more than one inference or its inference is in doubt."); *id.* at 188-89, 691 S.E.2d at 173 ("When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Graves*, 391 S.C. at 7, 704 S.E.2d at 354 ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict."); *O'Cain v. O'Cain*, 322 S.C. 551, 562, 473 S.E.2d 460, 466 (Ct. App. 1996) ("A nuisance is a substantial and unreasonable interference with the plaintiff's use and enjoyment of his property.").

8. We find the trial court did not err in directing verdicts in favor of all respondents as to Couram's invasion of privacy claim. *See Burnett*, 387 S.C. at 188, 691 S.E.2d at 173 ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("The trial court must deny a directed verdict motion when the evidence yields more than one inference or its inference is in doubt."); *id.* at 188-89, 691 S.E.2d at 173 ("When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Graves*, 391 S.C. at 7, 704 S.E.2d at 354 ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict."); *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 171, 383 S.E.2d 2, 6 (Ct. App. 1989) ("In order to constitute an invasion of privacy, the defendant's conduct must be of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances."); *id.* ("The law protects normal sensibilities, not heightened sensitivity, however genuine.").

9. We find the trial court did not err in directing verdicts in favor of all respondents as to Couram's intentional infliction of emotional distress cause of action. *See Burnett*, 387 S.C. at 188, 691 S.E.2d at 173 ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("The trial court must deny a directed

verdict motion when the evidence yields more than one inference or its inference is in doubt."); *id.* at 188-89, 691 S.E.2d at 173 ("When considering a directed verdict motion, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Graves*, 391 S.C. at 7, 704 S.E.2d at 354 ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict."); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 401, 596 S.E.2d 42, 48 (2004) ("To state a claim for intentional infliction of emotional distress, a plaintiff must show (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it."); *Strickland v. Madden*, 323 S.C. 63, 68, 448 S.E.2d 581, 584 (Ct. App. 1994) ("Initially, however, the [trial] court determines whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, and only where reasonable persons might differ is the question one for the jury.").

**AFFIRMED.** [3]

**FEW, C.J., and HUFF and THOMAS, JJ., concur.**

---

[3] To the extent Couram's appeal was intended to relate to any issue concerning her claims against Mrs. Hooker, Mrs. Reibold, or Fair Builders/Developers, Inc., we find those issues are unpreserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").