**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John R. Rakowsky, Respondent,

v.

Law Offices of Adrian L. Falgione, LLC, James Spencer, Estate of Doris Holt, Nick Williamson, on behalf of RSC, Irene Santacroce, Rodney Keith Lail, Marguerite Stephens and Ricky Stephens, Michael Hartness, Horry County, S.C., Eugene Chewing, and Glenn W. Harrison, Defendants,

Of whom James Spencer, Irene Santacroce, Rodney Keith Lail and the Estate of Doris Holt are the Appellants.

Appellate Case No. 2014-002029

———————————

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge,

———————————

Unpublished Opinion No. 2018-UP-338
Submitted May 1, 2018 – Filed July 25, 2018

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

James B. Spencer, of Columbia, pro se Appellant;
Michael Gordon Sribnick, of Michael G. Sribnick, M.D.,

J.D., LLC, of Charleston, for Appellants Irene
Santacroce, Rodney Keith Lail, and Estate of Doris Holt.

Desa Ballard, of Ballard & Watson, Attorneys at Law, of
West Columbia, for Respondent.

---

**PER CURIAM:**  James Spencer, Irene Santacroce, Rodney Keith Lail, and the
Estate of Doris Holt (Appellants) appeal the trial court's orders granting John
Rakowsky's request for interpleader and awarding attorney's fees. We affirm in
part, reverse in part, and remand.

1.  We disagree with Rakowsky's argument any issues related to the excess
litigation funds are not properly before this court.  *See Link v. Sch. Dist. of Pickens
Cty.*, 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990) ("Section 14-3-330(1) [of the
South Carolina Code (2017)] allows a party to wait until final judgment to appeal
intermediate orders 'necessarily affecting the judgment not before appealed
from.'"); *id.* (holding the appellant was entitled to wait until final judgment to
appeal a prior summary judgment ruling against him).  While Appellants could
have appealed immediately the trial court's June 27, 2014 order, they also were
entitled to wait to appeal until the final order ending the case.  Appellant Spencer
never attempted to appeal the June 27, 2014 order, and this court never acquired
jurisdiction over the other Appellants' untimely appeal.  *See Ness v. Eckerd Corp.*,
350 S.C. 399, 402, 566 S.E.2d 193, 195 (Ct. App. 2002) ("Although trial judges
retain jurisdiction to alter judgments on their own initiative for ten days if a Rule
59(e), SCRCP, motion is filed, after ten days that jurisdiction is lost."); *Elam v.
S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The
requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses
the deadline, the appellate court lacks jurisdiction to consider the appeal and has no
authority or discretion to 'rescue' the delinquent party by extending or ignoring the
deadline for service of the notice.").  Thus, the June 27, 2014 order was a judgment
not before appealed from.

2.  However, we find no merit to Appellants' assertion Rakowsky did not fulfill his
duty to account for the litigation funds he held in his account.  *See* Rule 1.15(a),
RPC, Rule 407, SCACR ("A lawyer shall hold property of clients or third persons
that is in a lawyer's possession in connection with a representation separate from
the lawyer's own property. . . .  Complete records of such account funds and other
property shall be kept by the lawyer and shall be preserved for a period of six years
after termination of the representation.  A lawyer shall comply with Rule 417,

SCACR (Financial Recordkeeping)."); Rule 417, SCACR (setting forth the rules for an attorney to maintain financial records).  At the trial court's direction, Rakowsky provided the court with his own affidavit and the affidavit of Mara Ballard, a certified fraud examiner, forensic accountant, and certified management accountant, who reviewed Rakowsky's trust account.  The exhibits attached to Ballard's affidavit included Rakowsky's client trust ledger for the underlying federal case, *Southern Holdings, Inc. v. Horry County* (*Southern Holdings* Case), bank statements, invoices, and the checks paying those invoices.  Ballard reviewed the bank statements and check disbursements from June 2005 to July 2008.  Although she acknowledged the statements from January 2006 and July 2006 were missing, Rakowsky's client trust ledger was available and no disbursements were shown for these two out of thirty-eight months.  We hold the trial court did not err in finding Rakowsky's records fully supported the disbursements made.

3.  We also find Appellants' argument the procedure for an accounting proceeding was not followed is not properly before this court.  In the June 27, 2014 order, the trial court noted that at the motion hearing on February 25, 2014, Appellants argued they should be entitled to discovery, but no formal motion for that relief had been filed.  Without a transcript of this hearing in the record, this court is unable to discern what discovery Appellants requested.  The trial court denied the request without prejudice and stated the issue may be raised again when and if the *Southern Holdings* Case was concluded, unless the request to interplead funds was mooted by the district court's ruling.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *Bonaparte v. Floyd*, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987) (stating the appellant bears the burden of providing a record on appeal sufficient for intelligent review); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").  The record does not contain an objection from Appellants to the affidavits from Ballard and Rakowsky.  Appellants did not argue to the trial court it erred in finding the affidavits sufficient to satisfy its request for an accounting in a timely motion to alter or amend.  In addition, there is no indication in the record Appellants argued to Judge Early he was overruling a prior order of Judge Barber.  Accordingly, we believe Appellants' arguments concerning the procedure of an accounting are not properly before this court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate

review."); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("South Carolina courts 'have adhered to the rule that where an issue has not been ruled upon by the trial judge nor raised in a post-trial motion, such issue may not be considered on appeal.'" (quoting *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993))); *id.* ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

4. We find unpreserved Appellants' argument the trial court violated their rights to due process by considering evidence without disclosing it to all parties. The record contains no indication Appellants objected to the *in camera* review of documents by the trial court (Judge Seals) and the trial court did not address the issue in its August 3, 2011 order. The order contains no rulings on whether the *in camera* review was proper or whether it violated Appellants' constitutional right to due process. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) ("The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge."); *Elam*, 361 S.C. at 24, 602 S.E.2d at 780 ("A party *must* file . . . a [Rule 59(e), SCRCP,] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

5. Appellants argue the trial court erred by not requiring the deposit and retention of the settlement funds into the court until the final decision in the *Southern Holdings* Case. They also contend the trial court should have granted a stay of the case. Finally, Appellants argue Rakowsky never actually deposited the funds into the court. We find these arguments are not properly before this court. Appellants never asked the trial court to stay the case until the *Southern Holdings* Case was completed and the trial court did not rule on whether it should stay the case. In fact, Appellants contended the interpleader was improper and the trial court should immediately release the excess litigation funds and the settlement funds to Appellants' attorney, who would hold the money in trust until the *Southern Holdings* Case was final. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Malloy*, 409 S.C. at 561, 762 S.E.2d at 692 ("The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge."); *Graves v. Horry-Georgetown Tech. Coll.*, 391 S.C. 1,

10, 704 S.E.2d 350, 355 (Ct. App. 2010) ("[A] party may not present one argument to the trial court and another on appeal."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced.").

6. We agree with Appellants the trial court erred in awarding Rakowsky $22,000 in attorney's fees for the *Southern Holdings* Case without first deducting expenses from the settlement award before calculating the percentage. First, we find this issue is preserved as Appellants raised this and other arguments opposing Rakowsky's request for attorney's fees to the trial court, the trial court recognized Appellants had raised the issues, and the trial court ruled on the argument by awarding Rakowsky $22,000. Under the plain language of the agreement, Rakowsky was entitled to a percentage of a settlement "after deducting an amount equivalent to direct case and litigation expenses incurred and or paid from April 1, 2005." *See N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 378, 769 S.E.2d 237, 240 (2015) ("The primary concern of the court interpreting a contract is to give effect to the intent of the parties."); *id.* ("The best evidence of the parties' intent is the contract's plain language."). Thus, the trial court erred in calculating the attorney's fees from the entire settlement amount rather than first deducting the expenses. However, we agree with the trial court Rakowsky was entitled to forty percent of the settlement amount remaining after expenses. The agreement provided the contingency fee increased from one third to forty percent "once the trial is commenced." As the *Southern Holdings* Case jury had already been impaneled at the time the settlement was placed on the record, the trial had commenced and the higher percentage applied. *See State v. Faries*, 125 S.C. 281, 284, 118 S.E. 620, 621 (1923) ("Indeed, it cannot properly be said a trial is commenced until the jury has been sworn and impaneled to try the issues presented by the pleadings and duly charged therewith." (quoting *State v. Atkinson*, 40 S.C. 363, 368, 18 S.E. 1021, 1023 (1894))).

7. We find Appellants have not shown reversible error in the trial court's awarding Rakowsky attorney's fees for bringing the interpleader action. First, we find no merit in Appellants' assertion Rakowsky was not entitled to fees because a pro se litigant cannot recover attorney's fees as Rakowsky was represented by counsel. Next, we find misplaced Appellants' reliance on *First Union National Bank of South Carolina v. FCVS Communications*, in which the supreme court held an innocent stakeholder was not entitled to attorney's fees in an interpleader action because "[a]ttorney's fees are not recoverable unless authorized by contract or statute." 328 S.C. 290, 293, 494 S.E.2d 429, 430 (1997). The trial court awarded attorney's fees under the doctrine of equitable indemnification. As Appellants do

not argue Rakowsky is not entitled to fees under this doctrine, the trial court's award of attorney's fees pursuant to the doctrine of equitable indemnification is the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

8. We disagree with Appellants' argument they are entitled to compensation for the loss of their funds during the interpleader action. *See Burns v. Universal Health Servs., Inc.*, 340 S.C. 509, 513, 532 S.E.2d 6, 9 (Ct. App. 2000) (stating under Rule 11, SCRCP, "an attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments"); *id.* ("The attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it.") In denying the motion for sanctions, the trial court held, "[T]here were never any 'uncontested' litigation funds. There were funds that Spencer demanded, but the pleadings and orders in this case establish clearly that he had no right to receive the funds until this court's order of June 23, 2015, was issued." We find Rakowsky did not act in bad faith in bringing this interpleader action considering multiple plaintiffs from the federal court litigation, a former attorney, and lenders may have claimed the funds.

We remand for a calculation of the attorney's fees owed to Rakowsky consistent with this opinion and distribution of the remaining funds. All other issues are affirmed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**HUFF, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.