**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of North Carolina, Respondent,

v.

Anthony Whitfield and Cindy Whitfield, Defendants,

Of whom Anthony Whitfield is the Appellant and Cindy Whitfield is a Respondent.

Anthony Whitfield, Appellant,

v.

David Swanson, Respondent.

Appellate Case No. 2016-002192

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-243
Submitted May 1, 2019 – Filed July 3, 2019

———————

**AFFIRMED**

———————

Daniel Scott Slotchiver and Andrew Joseph McCumber, both of Slotchiver & Slotchiver, LLP, and Brent Souther

Halversen, of Halversen & Associates, LLC, all of Mount Pleasant; for Appellant.

Brian C. Duffy and Blake Abernethy McKie, both of Duffy & Young, LLC, of Charleston, for Respondent Bank of North Carolina; Paul B. Ferrara, III, of Ferrara Law Firm, PLLC, of North Charleston, for Respondent Cindy Whitfield; Steven Raymond Kropski, Michael B. McCall, and David W. Overstreet, all of Earhart Overstreet, LLC, of Mount Pleasant, for Respondent David Swanson.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(b)(8), SCRCP ("Every defense, in law or fact, to a cause of action in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (8) another action is pending between the same parties for the same claim . . . ."); *State ex rel. Wilson v. Condon*, 410 S.C. 331, 333, 764 S.E.2d 247, 248 (2014) (recognizing the avoidance of "duplicative litigation" as the underlying principle of Rule 12(b)(8)); *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) (stating an appellate court applies a de novo standard of review to the circuit court's grant or denial of a motion for dismissal of a case pursuant to Rule 12(b)(8)); *id.* at 105, 674 S.E.2d at 531 ("In South Carolina, dismissal under Rule 12(b)(8) may be proper when there is (1) another action pending, (2) between the same parties, (3) for the same claim."); *id.* at 106, 674 S.E.2d at 532 (stating Rule 12(b)(8) is interpreted "narrowly such that the claim must be precisely or substantially the same in both proceedings in order for the drastic remedy of dismissal to be appropriate"); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the [circuit court]."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a motion to alter or amend] when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."); *In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled on by the [circuit] court to be preserved for appeal.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.