**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rose Bernard, Appellant,

v.

Lucas Green; Aperture Investigations, Respondents.

Appellate Case No. 2023-001580

———

Appeal From Horry County
H. Steven DeBerry, IV, Circuit Court Judge,
Benjamin H. Culbertson, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-177
Submitted May 1, 2025 – Filed June 4, 2025

———

**AFFIRMED**

———

Rose Bernard, of Myrtle Beach, pro se.

Luther O. McCutchen, III, of McCutchen Vaught Geddie
& Hucks, P.A., of Myrtle Beach, for Respondents.

———

**PER CURIAM:** Rose Bernard appeals an order entering default judgment against her in the amount of $1,812.00 and an order dismissing her motion to set aside the default judgment. On appeal, she argues the circuit court erred when it denied her motion to set aside the default judgment pursuant to Rules 55(c) and 60(b) of the

South Carolina Rules of Civil Procedure.  We affirm pursuant to Rule 220(b), SCACR.

We hold Bernard's argument is not preserved for appellate review because she failed to make her argument with sufficient specificity before the circuit court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, *but it must be clear that the argument has been presented on that ground*." (emphasis added)); *Malloy v. Thompson*, 409 S.C. 557, 561, 762 S.E.2d 690, 692 (2014) ("The issue must be sufficiently clear to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the judge.").  In her motion to set aside Respondents' default judgment request and at the hearing, Bernard did not cite Rules 55(c) or 60(b) and did not specifically refer to "good cause" or any grounds within Rule 60(b) to support relief from default judgment.[1]  *See* Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default . . . .");  *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); Rule 60(b), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."); *cf. Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888 (stating "Rule 60(b) requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other

---

[1] Before the entry of default judgment, Bernard moved to set aside Respondents' default judgment request.  At a hearing that occurred nearly six months after the entry of default judgment, Bernard orally moved to dismiss the default judgment. In her appellate brief, Bernard states her "Motion Dismiss/Set Aside Default, [which] was meant to be considered before the default judgment, was transitioned into becoming a motion for Rule 60(b) consideration."  Thus, we address both of Bernard's motions as one.

misconduct of an adverse party'" to obtain relief from default judgment rather than to obtain relief from default under Rule 55(c)).

Further, we hold Bernard's argument is not preserved for appellate review because the circuit court did not rule on whether Bernard was entitled to relief under Rules 55(c) or 60(b). *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue . . . must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). The circuit court dismissed Bernard's motion and, in its order, explained it dismissed her motion because it failed to comply with the South Carolina Rules of Civil Procedure. Thus, the circuit court did not reach the argument presented by Bernard on appeal. In addition, Bernard did not file a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure arguing she had moved to set aside the entry of default and default judgment pursuant to Rules 55(c) and 60(b) so the circuit court could rule on her argument. *See Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment.").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.